THE LAW OFFICES OF
# JEFFREY E. GOLDMAN
260 MADISON AVE., 15TH FLOOR
NEW YORK, NY 10016
(212) 983-8999
Fax (646) 693-2289

MEMBER OF THE NY & PA BARS                                         E-MAIL-JEFF@JGOLDMANLAW.COM

January 24, 2022

**VIA ECF & ELECTRONIC MAIL**

The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

>  Re:   **Triumf Hyseni v. Zia Maria Little Italy, Inc.**
>        Settlement & Fairness Letter
>        Case No. 1:21cv6318 (MKV)

Dear Judge Vyskocil:

My office represents Plaintiff, Triumf Hyseni. He is the Plaintiff in the above-captioned matter. We submit this letter jointly with Defendants to advise the Court that the parties have reached a settlement.

### Terms of the Agreement

Defendants, shall pay a total settlement amount of $50,000.00. Payment shall be in 3 equal payments spread out over 70 days. The first payment is due 10 days from Court approval, second payment is due 30 days after that and the third payment is due 30 days after that. Attorney fees are one-third of the recovery.

### Litigation Process

This case was filed in July of 2021. Plaintiff raised the following claims: Unpaid Wages Violations under the FLSA, Illegal Deductions from Gratuities, Spread of Hours Violations, and Notice and Recordkeeping Violations under the NYLL. Defendants vigorously denied these claims. The case was intensely litigated by both sides, including many attorney conferences with Defendants. Defendants provided us with hundreds of pages of documents. We prepared calculations. Defendants and I then conferred numerous times regarding the calculations. As a result of the conferences, Defendant then provided us with additional documents. Plaintiffs then

1

prepared additional calculations. Defendant's counsel and Plaintiffs' counsel conferred half a dozen times. At times the exchanges were acrimonious, but it resulted in the issues and the disputes being narrowed.

After much back and forth regarding discovery, the parties moved into motion practice on disputed discovery issues. Pending before the Court were a number of discovery motions. If the case had not been settled, these motions would have taken a considerable amount of time and effort to resolve.

The parties initially mediated this case at the very beginning of the litigation process. The initial mediation familiarized the plaintiff with the mediation process allowing him to understand the goals and strategy. This initial mediation set the stage for a later mediation with Judge Pitman.

Both parties prepared extensive mediation statements. Prior to the mediation, Judge Pitman met with both attorneys to review mediation statements and extensive exhibits produced by both parties. Judge Pitman and the parties were very familiar with the strengths and weaknesses of their own case by January 5, 2022 on the day of the mediation. At the direction of Judge Pitman, Plaintiff provided Defendants with their mediation exhibits, which were extensive.

The mediation took the better part of the day with Judge Pitman coordinating shuttle diplomacy to help us reach a settlement and also reach payment terms that both parties could accept and afford.

The Plaintiff worked in the front of the house as a tipped employee. In this case plaintiff believed that his time was shaved. This involved many attorney hours in comparing clock in and clock out record and the payroll records. To prevail in this case, Plaintiffs would have to convince the finder of fact that Defendant's written records were false. The evidence in the case was very subtle.

The total amount of the settlement is fair and reasonable in light of the strength of the case. Plaintiff does not have any independent recollection of which particular shifts or hour he worked. Plaintiff's arguments relied on supposition and suspicion. If the Plaintiffs had to prove their hours, this would present a serious problem.

### Only Wage and Hour Claims Released.

Plaintiff is only settling his wage and hour claims. The attorney fees are one third. There are 3 payments paid out over 70 days from the date the Court approves the settlement. Claimants are only settling their FLSA and NYLL wage and hour claims. They are not settling any other claims or waiving their rights to other claims like discrimination. There is no confidentiality provision in the settlement agreement. There is no restraint on counsel's handling of any future case against Defendant.

### The Settlement is Fair and Reasonable

The proposed settlement is fair and reasonable compromise of the disputed issues. *See Wolinsky v. Scholarstic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)

(1) Plaintiff's range of recovery was exceeded. Plaintiff's actual wage loss was not very large because he only worked approximately 55 weeks because the restaurant was closed sporadically for various pandemic related reasons. Plaintiff had a potential wage claim of $15,000. Plaintiff had an estimated tip claim of $11,300 and a spread of hours claim of $2,800. Plaintiff also had potential statutory damages of $10,000. Based on plaintiff's range of recovery, the settlement is fair and reasonable.
(2) The settlement will enable the parties to avoid unanticipated burdens and expenses in establishing their respective defense. Substantiating the plaintiff's claims would present certain problems with respect to winning at trial. During the mediation Judge Pitman asked plaintiff and I how many witnesses we had lined up to testify at the trial. Judge Pitman believed that in order to win this case, plaintiff would need additional witnesses to testify on his behalf. Given that it was a small restaurant with a sporadic operation run like a family business, this did not provide for a large pool of willing witnesses to testify on behalf of the plaintiff.
(3) Plaintiff faced serious litigation risks. Plaintiff needed additional witnesses to prove his case. Plaintiff had to convince the finder of fact that Defendants evidence was false. This is not an easy hurdle because the was substantial evidence against the Plaintiff. Plaintiff also needs to show that one of the waiters was actually a manager. This again is a complicated issue with a very detailed factual inquiry. Defendant, with his access to current employees, will have a better handle in arranging the witnesses and securing their participation.
(4) The agreement was the product of an arms length negotiations. The attorneys for the parties were at loggerheads and had resorted to filing discovery motions in order to break through the communication problems. The court filing by the respective attorneys show that neither attorney would collude with the other attorney as they had stopped communicating with each other. Both attorneys are well versed in FLSA law and instinctively knew the pressure points in their own cases as well as the cases of the other attorney.
(5) There was no possibility of fraud or collusion as both attorney were ready to do battle having filed dualing discovery motions. Plaintiff's counsel had planned to file additional discovery motions if the case had not settled. Further, Plaintiff's responses to Defendants' deficiency letters were due the next day and no doubt would have resulted in additional motion practice.

### Collection from Small Restaurant Presents problems.

Collection was a serious problem in this case and raised concerns even before the Covid 19 Pandemic. Defendants showed substantial rent liability and other unpaid costs. Once the moratorium on evicting tenants is lifted the restaurant faced possible action to remove them from the location. Tax returns showed that the restaurant was not making any money. Further, PPP loans for this restaurant were very small indicating that the restaurant may have trouble paying a judgement. The only party that Plaintiffs could seek damages from was the individual owner. This presented a difficult situation and potential collection problems even if Plaintiffs were able

to prevail in the future.  In light of the above, I believe the settlement is a fair and reasonable resolution of Plaintiffs' claims.

The Plaintiff is very happy with the settlement.  Plaintiff expressed his appreciation multiple times.

### Attorney Fees

Plaintiffs' attorney's fees are one-third, or $16,666.66.  The attorney's fees are reasonable in light of the amount of time my office spent in prosecuting this matter.  Please see Exhibit 1 for my office's timesheets and a breakdown of the costs.  My office's attorney fees exceed $27,000.  The costs are $528.00.  $400 is for the filing fee and $128 is the cost of service of the complaint.

Plaintiff's counsel, Jeffrey E. Goldman, Esq., has been practicing employment law for twenty-nine years.  His practice extensively focuses on wage and hour litigation.  He has been lead counsel in numerous employment class-actions in the Southern District of New York, Eastern District of New York, and the Supreme Court of the State of New York, in addition to multiple class and collective arbitrations at JAMS and AAA.  We believe our attorney's fees are fair and reasonable in light of the Loadstar.

Courts have repeatedly found my firm to be adequate class counsel in wage and hour class actions, for example: Dearlove v. Genzme Transgenic, Phila. Court of Common Pleas, November Term, 2001, No. 001031; O'Hare v. Morton's of Chicago, Inc., 08-601502; LaRue v. Morton's of Chicago, Inc., 02 cv 04988; Kato v. Masa NY, LLC, Index number 09-104578; Hunter v. Palm Restaurant, Inc., 08-cv-7348 (S.D.N.Y.); Aleyn v. Jean-George Enterprises, LLC, 07-cv 6276 (S.D.N.Y.); Agofonova v. Nobu, Index No. NO: 07 CIV 6926 (S.D.N.Y.); Deyo v. Spirit Cruises, LLC, Index no 08-601465; Griffith v. Spirit Cruises, LLC, Index no. 09- 4001860; Ponce v. Les Halles, Index No. 152155/2014; Chowdhury et al. v. GK Grill LLC et al., 2015 N.Y. Slip Op. 30169(U), 2015 WL 471787 (Sup Ct., New York County, Feb. 3, 2015); and Murphy et al. v. Lajaunie et al., No. 13 Civ. 6503 (RJS), 2015 WL 4528140 (S.D.N.Y. July 24, 2015) (co-counsel); Rivera et al. v. Conant et al. 15-cv-04276 (S.D.N.Y. 2017). Class Counsel's complaint for the case Chowdhury v. GK Grill LLC was included in the 2015 update to Bender's Forms of Pleading published by Matthew Bender & Co./LexisNexis Publishing.

In Federal Court in the South District of New York, Judges have approved hourly rates for my services of $450 in Murphy v. LaJaunie, 13 cv 6503 (S.D.N.Y 2017)(RJS) and $475 in Rivera v. Conant, et.al., 1:15 cv. 4276 (S.D.N.Y 2017) (RWS)  Plaintiffs' attorney fees are substantial, but Plaintiffs' counsel is only seeking one-third of the recovery as attorney fees.  With regard to costs, Plaintiff is only seeking the cost of filing a Complaint, which is $400 and the cost of service of the Complaint, or $128.

Thank you.

Respectfully submitted,

/s/ Jeffrey E. Goldman
Jeffrey E. Goldman